```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| EILEEN A. ARMSTRONG, | : | **CIVIL NO. 1:08-CV-0963** |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Smyser) |
| ANTIQUE AUTOMOBILE CLUB of AMERICA, HERSHEY REGION OF THE ANTIQUE AUTOMOBILE CLUB OF AMERICA, INC. and HERSHEY ENTERTAINMENT & RESORTS COMPANY | : | |
| Defendants and Third Party Plaintiffs | : | |
| v. | : | |
| HYLAN GRAY, | : | |
| Third Party Defendant | : | |

## MEMORANDUM AND ORDER

I. Background and Procedural History.

The plaintiff, Eileen A. Armstrong, commenced this action in the United States District Court for the Northern District of Illinois against Hylan Gray and the Antique Automobile Club of America, Inc. (AACA). The plaintiff alleged that while attending an AACA meet in Hershey, Pennsylvania in October 2006 she was struck by a vehicle driven by Gray and injured.

The case was subsequently transferred to this court. On September 22, 2008, with leave of court, the plaintiff filed an amended complaint. The amended complaint names as defendants AACA, the Hershey Region of the Antique Automobile Club of America (HRAACA) and Hershey Entertainment & Resorts Company. The defendants filed third party complaints against Hylan Gray seeking indemnity or contribution. Also, Hershey Entertainment & Resorts Company filed crossclaims seeking indemnity or contribution against defendants AACA and HRAACA and defendants AACA and HRAACA filed crossclaims seeking indemnity or contribution against Hershey Entertainment & Resorts Company.

The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). The case is scheduled for a pretrial conference on October 20, 2009 and a jury trial beginning on November 2, 2009.

Currently pending is a motion for summary judgment filed by defendant AACA and a second and separate motion for summary judgment filed by both defendant AACA and defendant HRAACA. Those motions are ripe for decision by the court and will be addressed in this Memorandum and Order.

2

II.  Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the

outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

4

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgement "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

III. Discussion.

We will first address the motion for summary judgment filed by both defendant AACA and defendant HRAACA. Defendants AACA and HRAACA contend that they are entitled to summary judgment on the basis of a release signed by the plaintiff.

The plaintiff and Hylan Gray came to a settlement arrangement during the pendency of this case, and the plaintiff executed a release. *Doc. 82 at ¶1 and Doc. 88 at ¶1.*

The release is titled "Release of All Claims." *Doc. 55-4 at 4.* Under the title and in a section labeled "County/Docket," the release refers to this court and the docket number of this case before it was transferred to this court. The release provides that for a lump sum of $250,000.00 the plaintiff has released and discharged and does:

> release, acquit and forever discharge <u>Hylan Gray, Lynn Gray and Allied Property and Casualty Insurance Company, a Nationwide Company</u> of and from any and all past, present and future actions, causes of action, claims, demands, damages, costs, loss of services,

6

>     expenses, compensation, third party actions,
>     suits at law or in equity, including claims or
>     suits for contribution and/or indemnity, of
>     whatever nature, and all consequential damages
>     on account of, or in any way growing out of any
>     and all known and unknown personal injuries,
>     death and/or property damage resulting or to
>     result from an accident that occurred on or
>     about the 4th day of October, 2006, at or near
>     Old Hershey Park Entrance and Hershey Park
>     Access, Derry Township, Dauphin County,
>     Pennsylvania.

*Id.* The release further provides that the plaintiff acknowledges that she is responsible for the satisfaction of any applicable liens and that she agrees to indemnify and hold "Hylan Gray, Lynn Gray and Allied Property and Casualty Insurance Company, a Nationwide Company" harmless from any such liens. *Id.* The release also provides that "[i]t is further agreed that upon execution of the release and receipt of the settlement funds, Plaintiff(s) will cause his/her/their attorney to mark the aforementioned docket settled and discontinued." *Id.*

Defendants AACA and HRAACA contend that the release is a general release that bars the plaintiff's claims against them. The plaintiff, on the other hand, contends that the release did not release defendants ACCA and HRAACA from the claims in this case.

7

A release is a contract and is governed by the rules of contract construction. *G.R. Sponaugle & Sons, Inc. v. Hunt Construction Group, Inc.*, 366 F.Supp.2d 236, 242 (M.D.Pa. 2004). "In Pennsylvania, it is well settled that the effect of a release is to be determined by the ordinary meaning of its language." *Taylor v. Solberg,* 778 A.2d 664, 667 (Pa. 2001). "Parties with possible claims may settle their differences upon such terms as are suitable to them." *Buttermore v. Aliquippa Hospital*, 561 A.2d 733, 735 (Pa. 1989). "They may agree for reasons of their own that they will not sue each other, or anyone else, for the event in question." *Taylor, supra,* 778 A.2d at 667.

"A release by the injured person of one joint tort-feasor . . . does not discharge the other tort-feasors unless the release so provides . . . ." 42 Pa.C.S.A. § 8326. However, "[t]here is no requirement that all of the parties to be discharged from liability are specifically named within a release if the terms of the release clearly extend to other parties." *Ford Motor Co. v. Buseman*, 954 A.2d 580, 583 (Pa.Super.Ct. 2008). "[W]hen the terms of a release discharge all claims and parties, the release is applicable to all tortfeasors despite the fact that they were not

8

specifically named and did not contribute toward the settlement." *Id.*

Although a release may be applicable to parties not specifically named, for the release to apply to parties not specifically named there must be a basis in the language of the release to conclude that the parties to the release intended to release such parties. *See e.g. Buttermore v. Aliquippa Hospital*, 561 A.2d 733 (Pa. 1989)(release which released named party and "any and all other persons, associations and/or corporations"); *Republic Ins. Co. v. Paul Davis Systems of Pittsburgh South, Inc.,* 670 A.2d 614 (Pa. 1995)(release which released named party and "any and all other persons"); *Ford Motor Co. v. Buseman,* 954 A.2d 580 (Pa.Super.Ct. 2008)(release which released named party and "all other persons, firms or corporations"). Where there is no basis in the language of the release to conclude that the parties to the release intended to release parties not specifically named, the release is construed as limited to the parties named or otherwise identified. *See e.g. Flatley v. Penman*, 632 A.2d 1342 (Pa.Super.Ct. 1993)(construing release as releasing only the party named in the release where there was no showing that other parties were somehow

9

contemplated); *Martin v. Donahue,* 698 A.2d 614 (Pa.Super.Ct. 1997)(holding that language of release limited the discharge of liability to the named parties); *Harrity v. Medical College of PA Hospital,* 653 A.2d 5 (Pa.Super.Ct. 1994)(holding that release limited by its language to release of claims brought in a specifically-named action and that the release did not release defendants in a subsequent action).

Defendants AACA and HRAACA argue that the release signed by the plaintiff in this case is drafted in the style of a general release. Defendants AACA and HRAACA point out that the release is titled "Release of All Claims," that it contains broad language regarding the scope of the release, that it makes no reference to joint tortfeasors or whether it is a *pro tanto* or a *pro rata* release[1], that it preserves no

---

[1] The Pennsylvania Supreme Court has explained the difference between a *pro tanto* release and a *pro rata* release:
> Where a plaintiff and settling defendant sign a *pro tanto* release, then the plaintiff's ultimate recovery against the nonsettling joint tortfeasors is the total award of damages reduced by the amount of consideration paid for the release. In contrast, if the parties sign a *pro rata* release (which is also known as an "apportioned share set-off" release), then the plaintiff's ultimate recovery against the nonsettling tortfeasors is the total award of damages reduced by the settling
(continued...)

10

cause of action against any other party or entity, and that it provides that the docket be settled and discontinued. The plaintiff argues that the release only releases the parties named in the release - Hylan Gray, Lynn Gray and Allied Property and Casualty Insurance Company. The plaintiff asserts that, although the release contains broad language regarding the scope of the claims released, the release does not contain any language releasing defendants AACA and HRAACA or any general language releasing any other persons, associations and/or corporations. The plaintiff contends that construing the release as whole it only releases Hylan Gray, Lynn Gray and Allied Property and Casualty Insurance Company.

We agree with the plaintiff that the release does not release defendants AACA and HRAACA. Unlike releases that have been construed to apply to parties not specifically named in the release, the release in the instant case does not include any language indicating that it applies to other

---

[1](...continued)
party's allocated share of the liability."
*Baker v. AcandS,* 755 A.2d 664, 666 n.1 (Pa. 2000). If the release is silent on the issue, then the set-off mechanism defaults to a *pro tanto* set-off. *Id.* at 667.

11

parties or persons. Although the clause releasing Hylan Gray, Lynn Gray and Allied Property and Casualty Insurance Company is broad, the broad language in that clause determines only the scope of the claims released. From the language of the release it is clear that the release was only intended to release the parties named therein - i.e. Hylan Gray, Lynn Gray and Allied Property and Casualty Insurance Company.

Further, the fact that the release is titled "Release of All Claims" and contains a clause requiring the plaintiff to mark the docket settled and discontinued does not lead to a reasonable inference that the parties to the release intended to release defendants AACA and HRAACA or any party or person not named in the release. Those provisions when read in the context of the release as a whole are construed to apply only to those claims intended by the parties to be released, i.e. all claims against Hylan Gray, Lynn Gray and Allied Property and Casualty Insurance Company. *See Brown v. Cooke*, 707 A.2d 231, 234 n.1 (Pa.Super.Ct. 1998)(interpreting clause in release which required appellant to discontinue his cause of action to apply only to the those claims which the parties actually intended to be released).

12

Based on the foregoing, the motion for summary judgment filed by defendants AACA and HRAACA based on the release will be denied.

Defendant AACA has also filed a separate motion seeking summary judgment on the merits of the plaintiff's negligence claim against it.

Under Pennsylvania law, the elements of a negligence claim are: (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff. *R.W. v. Manzek,* 888 A.2d 740, 746 (Pa. 2005).

Defendant AACA asserts that it was not in possession of the premises where the plaintiff was injured, that it had no input with regard to facilities planning at the event and that it took no part in managing, operating, setting-up, or maintaining the premises. Therefore, defendant AACA contends that it did not owe the plaintiff a duty of care. The

13

plaintiff, on the other hand, contends that defendant AACA owed her a duty of care based on the control it retained and exerted over HRAACA'S planning and operation of the meet where she was injured.

The parties dispute the degree of control that defendant AACA had over defendant HRAACA and the meet in question. *See Doc. 84 at ¶¶9 & 10 and Doc. 89 (response to statement of material facts) at ¶¶9 & 10 and Doc. 89 (plaintiff's additional material facts) at ¶¶3, 5 & 6 and doc. 92 at ¶¶3, 5 & 6.* Therefore, at this point, we can not say as a matter of law that defendant AACA did not owe a duty to the plaintiff. Accordingly, defendant AACA's motion for summary judgment based on a lack of duty will be denied.

IV. Order.

**IT IS ORDERED** that the motions (docs. 55 & 51) for summary judgment are **DENIED**.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge
Dated: September 22, 2009.

14